UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SC PRO TV SA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| GLOBAL CONNECT NETWORK, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, SC PRO TV SA ("PRO TV"), and for its Complaint, alleges as follows:

## **PARTIES**

1.      Plaintiff PRO TV is a Romanian company with its principal place of business at Bucharest, B-dul Pache Protopopescu nr. 109, et. 1, sector 2.  PRO TV is the leading commercial TV broadcaster in Romania.

2.      Upon information and belief, Defendant Global Connect Network Inc. ("GCN") is a Georgia corporation with its principal place of business at 2675 Mall of Georgia Boulevard, Suite 403, Buford, GA 30519.  GCN is a distributor of Romanian television, movies, and news.

## JURISDICTION

3.     The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

4.     Defendant is subject to personal jurisdiction in this District because it is a Georgia corporation with a principal place of business in Georgia.

5.     Venue is proper under 28 U.S.C. § 1391(b) because defendant resides in the Northern District of Georgia and a substantial part of the events that give rise to the claim occurred in this district.

## FACTS

6.     On October 1, 2010, PRO TV and GCN entered into a contract whereby PRO TV granted GCN the non-exclusive right to retransmit the television program "PRO TV INTERNATIONAL" to GCN subscribers in the United States and Canada via satellite, cable, and IPTV retransmission systems (the "Retransmission Contract").

7.     In exchange for retransmission rights, GCN agreed to pay PRO TV $12,000 per month in licensing fees.  The Retransmission Contract also stated that if GCN failed to pay PRO TV pursuant to the contract, GCN would be obligated to pay a penalty of 0.1% of the amount unpaid per day.

2

8.    The initial term for the Retransmission Contract ran for six months beginning October 1, 2010.  However, the term for the Retransmission Contract was subsequently amended through a series of addendums.

9.    Addendum No. 1 extended the term of the Retransmission Contract for six months from April 1, 2011 to October 1, 2011.

10.    Addendum No. 2 extended the term of the Retransmission Contract for three months from October 1, 2011 to December 31, 2011.

11.    Addendum 3 extended the term of the Retransmission Contract for 13 months from December 31, 2011 to January 31, 2013.

12.    Addendum 4 extended the term of the Retransmission Contract to January 31, 2014.  Addendum 4 further stated, "[a]t the expiry of this period, the duration of the contract shall be automatically extended for successive periods of one year, unless one of the parties expressly expresses its wish not to extend the duration of the Contract by notifying the other party at least 30 days before the expiry of the initial or extended duration."

13.    Neither party ever expressed an intent not to extend the duration of the Retransmission Contract, pursuant to Addendum 4.

32279/000/4203696.3

14.   At all relevant times, PRO TV provided GCN with PRO TV INTERNATIONAL for retransmission to GCN's United States and Canadian customers, pursuant to its contractual obligations.

15.   PRO TV duly issued invoices to GCN for the contractual license fees due and owing under the Retransmission Contract between February 21, 2017 through September 16, 2019 (the "Period Invoices").  Despite these invoices, and excepting one partial payment, GCN made no payments for amounts due for the Period Invoices.

16.   On or around August 12, 2019, PRO TV sent GCN a notice that it had failed to pay $384,000 in license fees and that, as a consequence GCN also owed $181,008.00 in contractual penalties as of August 10, 2019 (the "August 2019 Notice"). The August 2019 Notice further demanded payment within fifteen (15) days of the Notice.

17.   After PRO TV sent the August 2019 Notice, GCN made only a small number of payments, only one of which related to the amounts due and owing for the Period Invoices.

18.   On or around May 9, 2022, PRO TV sent GCN a notice that it had failed to pay the contractual license fees, and that, as of that date, GCN owed PRO TV $382,014.40 in unpaid licensing fees and $535,908.97 in contractual penalties

4

for non-payment (the "May 2022 Notice").  The Notice further demanded payment within fifteen (15) days of the Notice.

19.     GCN has made no payments to PRO TV subsequent to the May 2022 Notice.

20.     On information and belief, during the relevant period of time, despite failing to pay PRO TV the contractual license fee, GCN continued to distribute PRO TV INTERNATIONAL to its paying subscribers.

21.     CGN failed and has refused to pay certain monies owned to PRO TV under the Retransmission Contract, amounting to more than $950,000, as of November 8, 2022.

## CLAIM FOR RELIEF: BREACH OF CONTRACT

22.     PRO TV repeats and realleges the allegations set forth in paragraphs 1-21 of the Complaint with the same force and effect as if set forth fully herein and incorporates such allegations by reference herein.

23.     PRO TV and GCN entered into a valid and binding Retransmission Contract on October 1, 2010.

24.     PRO TV duly performed all of its obligations under the Retransmission Contract.

32279/000/4203696.3

25.   GCN materially, willfully and intentionally breached the Retransmission Contract by, among other things, failing to make certain payments to PRO TV due under the Agreement.

26.   As a direct and proximate cause of GCN's breach of the Retransmission Contract, PRO TV has been damaged in an amount to be determined at trial, but no less than $990,998.19 as of November 8, 2022.

## JURY DEMAND

27.   PRO TV requests a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, PRO TV respectfully requests that judgment be entered in favor of PRO TV and against GCN as follows:

A.   Awarding PRO TV damages in an amount to be determined at trial, but no less than $990,998.19;

B.   Awarding PRO TV all allowable compensatory, consequential, incidental and other damages due to GCN's breach;

C.   Awarding PRO TV all contractual penalties on all unpaid sums, as described in the Retransmission Contract;

D.   Awarding PRO TV all costs incurred in this action, including reasonable attorneys' fees; and

E.     Granting PRO TV such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of December 2022.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ L. Clint Crosby*
L. Clint Crosby
Georgia Bar No. 197877
Tyler P. Bishop
Georgia Bar No. 566705
3414 Peachtree Rd, NE, Suite 1500
Atlanta, Georgia 30326
404.577.6000 (Telephone)
404.221.6501 (Facsimile)
ccrosby@bakerdonelson.com
tbishop@bakerdonelson.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**

*/s/ Richard S. Mandel*
Richard S. Mandel*
New York Bar No. 2052819
*/s/ Joelle A. Milov*
Joelle A. Milov*
New York Bar No. 5103304
114 West 47th Street
New York, NY 10036-1525
212.790.9200 (Telephone)
212.575.0671 (Facsimile)
rsm@cll.com
jam@cll.com
*Pro hac vice application forthcoming

*Counsel for Plaintiff SC Pro TV SA*